THE ROCKFORD WHOLESALE GROCERY COMPANY

*v.*

THE STANDARD GROCERY AND MEAT COMPANY.

*Opinion filed October 24, 1898.*

1. CORPORATIONS—*insolvent corporation can prefer bona fide creditor.* In the absence of statutory prohibition an insolvent corporation can prefer its *bona fide* creditors the same as an individual, but can not prefer a creditor who is also a director of the corporation.

2. SAME—*corporation may prefer creditor whose claim is guaranteed by directors.* An insolvent corporation may prefer a *bona fide* creditor whose claim arose while the corporation was solvent, even though the claim is guaranteed by the directors, as his rights as a creditor remain unimpaired during solvency or insolvency, whether the claim is guaranteed or not.

3. SAME—*insolvent corporation may give judgment note to take up note guaranteed by directors.* The directors of an insolvent corporation may authorize a judgment note to be given by the corporation to take up a note guaranteed by the directors evidencing an indebtedness for money borrowed and used for corporate purposes during solvency, and fraud cannot be predicated on such action though the holder of the note thereby obtains a preference.

*Rockford Grocery Co.* v. *Grocery Co.* 74 Ill. App. 317, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. JOHN C. GARVER, Judge, presiding.

A. D. EARLY, for appellant:

A majority of non-interested directors is necessary to constitute a legal quorum. A director is incapacitated to vote upon a proposition in which he is interested. A resolution passed by a vote of interested directors is invalid. *Railroad Co.* v. *Kelley,* 77 Ill. 426; *Roseboom* v. *Whittaker,* 132 id. 81; *Gottlieb* v. *Miller,* 154 id. 44.

In the case of directors who occupy a fiduciary relation to the company it is essential that the majority of the quorum shall be disinterested in respect to the matters voted upon. Thus, a director in a corporation is

disqualified to vote upon a resolution authorizing the renewal of two notes, one of which is in his favor, and his vote cannot be counted for the purpose of sustaining the resolution as to the other note in which he had no interest. 1 Beach on Corporations, sec. 276, p. 461.

A director of a corporation cannot vote in favor of the execution of a mortgage to secure his own claim. *Due* v. *Coal Co.* 78 Fed. Rep. 62.

While the president of a going concern may have authority to execute a contract on behalf of his company in the usual conduct of its business and while it is a going concern, when it ceases to do business and becomes bankrupt such authority of its president ceases, and he has no right, without authority of the board of directors, to assert that right and grant preferences to the creditors of his company. *Ins. Co. Bank* v. *Coal Co.* 64 Fed. Rep. 497.

If directors of a corporation assume a liability for it, such as surety, endorser or guarantor, and at the time they assume the liability no security is given them or the creditor, and if afterwards the corporation becomes insolvent and the directors cause a preference to be given such creditor from the assets of the corporation, whereby such assets are applied in payment of such indebtedness and the liability of the directors to that extent is satisfied, leaving nothing, or substantially nothing, for the remaining creditors of the corporation, then, to the extent the liability of the directors to said creditor is so satisfied or to the extent of the value of said assets, such directors are liable to account to the remaining creditors of the corporation, in which accounting the directors shall be treated as creditors by subrogation. *Roseboom* v. *Whittaker,* 132 Ill. 81; *Beach* v. *Miller,* 130 id. 162; *Blair* v. *Steel Co.* 159 id. 350; *Beach* v. *Miller,* 13 id. 162; *Atwater* v. *Bank,* 152 id. 605; *Gottlieb* v. *Miller,* 154 id. 44; *Illinois Steel Co.* v. *O'Donnell,* 156 id. 624.

A director who uses the property of the corporation to prefer himself as a creditor, may be charged, in equity,

to the extent of the property so diverted, as trustee for all the creditors equally.  5 Thompson, sec. 6503; *Bradley* v. *Converse*, 4 Cliff. 375; *Haywood* v. *Lumber Co.* 64 Wis. 639; *Hopkins* v. *Johnson's Appeal*, 90 Pa. St. 69; *Bank* v. *Knowles*, 67 Wis. 373; *Ford* v. *Bank*, 87 id. 363.

WORKS & HYER, for appellee:

Appellee's directors had a right to prefer certain creditors, or a certain creditor, of the corporation to the exclusion of other creditors, whether the corporation was solvent or insolvent at the time of the preference, even though the creditors preferred did not know of the preference until after it was made.  *Burch* v. *West*, 134 Ill. 258; *Ragland* v. *McFall*, 137 id. 81; *Glover* v. *Lee*, 140 id. 102; *Warren* v. *Bank*, 149 id. 9; *Gottlieb* v. *Miller*, 154 id. 44; *State Bank* v. *Union Bank*, 168 id. 519; *Blair* v. *Illinois Steel Co.* 159 id. 350.

The doctrine that the property of a corporation is a trust fund for the payment of its debts only means that the property must first be appropriated to the payment of the debts of the company before any portion of it can be distributed to the stockholders.  *Fogg* v. *Blair*, 133 U. S. 534; *Gottlieb* v. *Miller*, 154 Ill. 52.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The question of law raised by this record arises from this state of facts:  A corporation, while solvent and a going concern, borrowed money of a bank, which indebtedness was guaranteed by the directors.  Thereafter it became indebted to the appellant.  By authority of the directors a judgment note was afterwards given the bank in lieu of the original note, on which judgment was at once taken and the corporation property sold.  Appellant recovered judgment thereafter, and, on return of execution *nulla bona*, filed a bill against said directors seeking to hold them personally liable for a breach of trust, setting up the foregoing facts, and alleging fraud in giving

said judgment note while said corporation was known to them to be insolvent, for the purpose of the sale of said property under legal process. A demurrer thereto was sustained, and a decree entered dismissing the bill, which was affirmed by the Appellate Court on the authority of *Blair* v. *Illinois Steel Co.* 159 Ill. 350.

The corporation being insolvent and the directors being guarantors of said debt, were they at such time legally authorized to give such preference? The principle is firmly established, that in the absence of statutory prohibition an insolvent corporation can prefer its creditors the same as any individual, which preference, of course, is given by the action of the officers of the corporation. (*Burch* v. *West*, 134 Ill. 258; *Gottlieb* v. *Miller*, 154 id. 44.) The law is, however, that an insolvent corporation can not prefer a creditor who at the time is a director therein. (*Beach* v. *Miller*, 130 Ill. 162.) Is the creditor deprived of the legal right to this preference by reason of the fact that such debt of the corporation is guaranteed by one or all of the directors?—for if the directors, in such case, have no legal right to give, the creditor has no legal right to receive, such preference. One proposition is necessarily the corollary of the other, for the element of fraud is involved in such preference, if illegal.

Mere insolvency does not dissolve the corporation or ordinarily abridge the statutory or common law power of the directors. It does, however, prohibit them from giving a creditor director a preference. In such case, he, as an individual, alone received the benefit. The law will not allow him, in such case, to take advantage of his official position, as it would not be equitable to the other creditors. That equitable principle should not apply to a *bona fide* creditor where a debt is created and guaranteed by the director during solvency. Such guaranty, at least at such time, does not render such debt fraudulent. No law has been violated, and no reason exists why such a debt should be tainted with even the suspicion of ille-

gality.   His relation as a creditor is created by his contract with the corporation, and not with the guarantors. He is just as clearly, by law, a creditor with such guaranty as without it.   His rights as such creditor remain, to the end, unimpaired, during solvency and through insolvency.

The relation which the directors occupy is primarily that of trustees of the stockholders.  (Cook on Stock and Stockholders, sec. 648.)   So long as the corporation is doing business there is no priority between the directors or other officers and its creditors.   It is a mere equitable principle that directors shall not prefer themselves as creditors.  (Clark on Corporations, p. 608.)   When the corporation becomes insolvent, then, it is said, in equity the officials become trustees for the creditors; but the rule of law is fixed that after insolvency the authority to give a preference, in the absence of statutory prohibition, is as complete and absolute as that of an individual, for, as stated in *Fogg* v. *Blair*, 133 U. S. 534, "the doctrine that the property of the corporation is a trust fund, only means that the property must first be appropriated to the payment of the debts of the company before any portion of it can be distributed to the stockholders," and before any of it can be distributed to the directors, as creditors, by way of preference.   This court has not enlarged upon this rule, in the way of enforcing such trust in favor of creditors, by holding, as some courts have, that a relative of a corporate official who is a creditor, or a creditor who has the guaranty of the directors, cannot secure such preference.  (*Blair* v. *Illinois Steel Co. supra.*)   In fact, many courts hold that where directors are guarantors or creditors in good faith, they, as creditors, are entitled to a preference.   See *Gould* v. *Little Rock Railroad Co.* 52 Fed. Rep. 680, for a review of authorities.

The directors were not the creditors of the corporation and were not primarily standing in that relation to it. The creditor loaned this money to the corporation in good

faith, while solvent and a going concern, and the money so obtained was used for its benefit. On no principle of law or reason can such creditor be deprived of its right to a preference merely because the directors guaranteed the debt. The act of obtaining such guaranty on the part of the creditor, or of giving it on the part of the directors, was neither illegal nor improper. It is not uncommon for the directors to be compelled to lend their personal credit, by way of surety or guaranty, in order to secure means to carry on the business. If this is done during solvency, for the benefit of the corporation, neither the right of such creditor so loaning on such guaranty, nor the power of the directors, is in any way affected or abridged as to a preference of such a debt.

It necessarily follows that fraud could not be predicated on the act of the directors in giving this judgment note to the bank, which resulted in a preference to it, as a creditor, in the distribution of the assets of said corporation. The demurrer was therefore properly sustained, and it was not error in the Appellate Court to affirm the decree.

The judgment is affirmed.                    *Judgment affirmed.*